# UNITED STATES DISTRICT COURT
### for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>PATRICK J. FEDAK<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  **4:22-CR-1038-KS**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 9, 2022 _____ in the county of _____ Craven _____ in the _____ Eastern _____ District of _North Carolina and elsewhere_ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. Section 1503 | Obstruction of Justice |

This criminal complaint is based on these facts:

See Attached Affidavit

⊓ Continued on the attached sheet.

_____
*Complainant's signature*

Peter Salomon, SA NCIS
_____
*Printed name and title*

On this day, _____ Peter Salomon _____
appeared before me via reliable electronic means,
was placed under oath, and attested to the
contents of this Complaint.

Date: _____ 2/15/2022 _____

_____
*Judge's signature*

Kimberly A. Swank, U.S. Magistrate Judge
_____
*Printed name and title*

City and state: _____ Greenville, NC _____

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AGAINST PATRICK FEDAK

1.      I, Special Agent Peter Salomon, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

2.      I am a Special Agent with the Naval Criminal Investigative Service (NCIS) and have been since January 2019 and am currently assigned to Resident Agency Cherry Point, NC. Your affiant was previously retained as a contractor by the United States Office of Personnel Management from 2016-2018 as an Investigator. Your affiant is a graduate of the Criminal Investigator Training Program (CITP) and the NCIS Special Agent Basic Training Program located at the Federal Law Enforcement Training Center in Glynco, GA. Since graduation from CITP, your affiant has worked a variety of criminal investigations to include violations of Uniform Code of Military Justice and United States Code. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

## STATUTORY AND REGULATORY BACKGROUND

3.      Title 18, United States Code, Section 1503 (a) provides that it is a crime when "Whoever corruptly, . . . , endeavors to . . . influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).." 18 U.S.C. § 1503 (a).



Case 4:22-mj-01038-KS     Document 1     Filed 02/15/22     Page 2 of 11

## STATEMENT OF FACTS

4.      The statements in this Affidavit are based in part on my investigation of this matter and on information provided by other law enforcement agents and professionals in the field. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included every fact known to me concerning this investigation. Rather, I have set forth only those facts that are believed to be necessary to establish probable cause in support of a criminal complaint charging PATRICK FEDAK (FEDAK) with the violation of 18 U.S.C. § 1503.

## CASE BACKGROUND

5.      On December 5, 2019, Naval Criminal Investigative Service Resident Agency Cherry Point, NC (hereinafter "NCIS") received notification that GSA XCESS[1] property was received by FEDAK at Marine Wing Communication Squadron 28 (MWCS-28), Marine Corps Air Station Cherry Point, NC (hereinafter MCASCP), but was never properly entered into the Marine Corps supply system upon receipt by FEDAK. FEDAK placed orders for firearms and other property through GSA XCESS on behalf of the United States Marine Corps (USMC), which FEDAK stole upon delivery. NCIS reviewed orders made by and/or approved by FEDAK and identified FEDAK received a total of (25) twenty-five weapons (shotguns and handguns) while being stationed at MCASCP.

---

[1] GSA XCESS is a website where government agencies can dispose of and obtain items from other agencies for government reutilization of items to include firearms.



6.     For instance, investigation revealed in October 2019, some of the weapons were hand delivered to FEDAK at MCAS Cherry Point, NC and personally signed for by FEDAK by individual weapon and serial number. The weapons were not located within MWCS-28 spaces and not entered into the appropriate or any USMC supply/inventory system.

7.     Further investigation revealed FEDAK placed similar orders for weapons through the same GSA XCESS system while stationed in California and these weapons, also, were not appropriately entered in any USMC inventory system.

8.     On December 2, 2020, FEDAK was indicted in the Eastern District of North Carolina with theft of government property between December 2017 and December 2019, in violation of 18 U.S.C. § 641, and with the knowing possession of stolen firearms in October 2019, in violation of 18 U.S.C. § 922(j). EDNC No. 4:20-CR-115-1FL. FEDAK was arrested on December 9, 2020, and, as member of the U.S. Marine Corps who had achieved the rank of Captain and no criminal history prior to these charges, he was released on his own recognizance. See D.E. 6 and 8. Following his discharge from the Marine Corps, FEDAK relocated to Greensboro, NC to live with his wife's parents and work there. See, D.E. 39.

9.     FEDAK's case was set for jury trial to begin March 1, 2022, but on February 2, 2022, the Court was notified the parties had reached a plea agreement. A change of plea hearing was scheduled for February 24, 2022. EDNC No. 4:20-CR-115-1FL.



10. On June 2, 2021 I interviewed an individual (Witness #1) who had received three handguns via Federal Firearms Licensee (FFL) transfer from FEDAK at a licensed firearms dealer in California. Records obtained from that dealer confirmed FEDAK was the party who completed the transaction with Witness #1. Two of these weapons were complete Glock 33 handguns containing serial numbers NGH204 and NGH205. These weapons were part of a GSA XCESS order of three Glock 33's, which included a Glock 33, serial number NGH206, which was not recovered from Witness #1 or located at that time. The weapons order was approved by FEDAK through GSA XCESS in 2018 while he was stationed in California and the weapons were received by FEDAK while in California.

11. Since the interview of Witness #1 and the seizure of the firearms he received from FEDAK, I obtained paperwork from the USMC in California which falsely showed firearms were demilitarized and disposed of through Defense Reutilization and Marketing Office (DRMO). Based on the serial numbers on the above weapon seizures, I know the weapons were not demilitarized or disposed of through DRMO as the paperwork suggested and were ultimately transferred from FEDAK. This led me to believe FEDAK likely forged paperwork in furtherance of his effort hide his theft of government weapons.

12. On February 10, 2022, I received a call from Witness #2, a close associate of FEDAK. Witness #2 told me they believed FEDAK was lying to them about his crimes, and Witness #2 took it upon themself to record a conversation questioning FEDAK about the weapons. Witness #2 provided me with a copy of the recording. In



the recording, FEDAK told Witness #2 he discarded "those" weapons in New Bern when he realized he had them. FEDAK stated he sawed them up except for where the serial numbers were labeled and everything else he threw in a dumpster. Based on description of serialized parts and barrels later in the conversation, I believed FEDAK was discussing destroying and burying parts of stolen weapons and was obstructing the investigation.

13.     FEDAK reported he buried the parts with serial numbers in the woods off of "Vandalia.[2]" Witness #2 later asked FEDAK where the barrels and serial number parts were off of "Vandalia." FEDAK told Witness #2 they were in the woods behind an abandoned house. FEDAK described the location further by saying one would park in the back of a church parking lot and there was woods between the church parking lot and an abandoned house. FEDAK said he buried the items in the stretch of woods between the church parking lot and the abandoned house. FEDAK agreed with Witness #2 that the weapons were just a few miles from DBJ Corporation[3] and FEDAK said he did not want the items at "DBJ" and that is why once he realized they were there he moved them to ensure there was nothing at "DBJ." FEDAK asserted to Witness #2 that his attorney told him to bury the weapons, then clarified

---

2 I understand this reference to be to Vandalia Road, located in Greensboro, North Carolina.

3 DBJ Corporation was identified as a business owned and operated by C. FEDAK's mother KAREN REIGHTER (REIGHTER) and grandparents, located at 2507 Greengate Dr, Greensboro, NC 27406. D.E. 39 reported a job at "BVJ Corp," "BVJ Corp" is unknown to your affiant.

that while those weren't the attorney's exact words, the attorney had asked FEDAK if the weapons were buried in the woods, and when FEDAK attempted to tell the attorney where they were in fact located, the attorney repeated, "they're buried in the woods." From this, FEDAK says, the attorney was telling him to bury the weapons.

14. On February 10, 2022, I looked on Google Maps to locate churches off Vandalia Rd in Greensboro, NC matching the general area described by FEDAK in the recording. One location I located matching the general description was Greater Christian Fellowship Church located at 118 E Vandalia Rd, Greensboro, NC 27406. I identified above church was only 1.4 miles from DBJ Corporation according to Google Maps. There were multiple other churches within the general area of E Vandalia Rd and W Vandalia Rd, but based on surrounding wooded areas and the number of homes around other locations, I believed 118 E Vandalia Rd was a likely location to have been the location described by FEDAK.

15. On February 11, 2022, I went to Greensboro, NC with Special Agent John C. Little and interviewed Witness #2. Witness #2 confirmed FEDAK said he had buried the items in the woods two days prior. Witness #2 informed us that DBJ Corporation had GPS units on its work trucks. DBJ Corporation also had surveillance cameras at the business showing various views around the business location.

16. Staff at DBJ Corporation was then requested to look at DBJ Corporation work vehicle work truck GPS data. Staff showed me the GPS data screen, which indicated the "Black Rack Truck" stopped at 118 E Vandalia Rd, Greensboro, NC 27406 for approximately four minutes at approximately 1414 hours on February 9,



2022. The GPS data point for the vehicle showed it was specifically in the parking lot towards the rear of the church.

17.     Surveillance footage obtained from DBJ showed FEDAK entering the work area carrying a shovel and a pick-axe at approximately 1153 hours on February 09, 2022. Staff of DBJ Corporation confirmed FEDAK had no reason to carry or be in possession of a pick-axe and shovel for his job related tasks. FEDAK walked through the building and out the door leading to the front of the business where the business parking spots were located.

18.     On February 09, 2022 at approximately 1233 hours, FEDAK is seen in his personal Ford F-150 pulling up next to the area in the DBJ Corporation lot next to where the dumpster was located. FEDAK appeared to remove a trash bag from his truck bed and walk towards the area where the dumpster was located. At approximately 1233 hours, FEDAK backed his truck up to the furthest trailer located on the DBJ Corporation lot. FEDAK got out of the truck, removed a pick-axe from his truck bed and placed it in the second furthest trailer. FEDAK entered the furthermost trailer at 1234 hours, exited, grabbed an unknown object from the driver's side and re-entered the trailer. At 1317 hours, FEDAK exited the trailer and at 1318 drove off the lot out of the view of the camera.

19.     Staff showed me surveillance footage from DBJ Corporation via FaceTime which showed FEDAK getting into the DBJ Truck at 1325 hours, which matched the description of the truck for which GPS data was provided to me. The GPS data put the work truck in the church parking lot located at 118 E Vandalia Rd at



approximately 1414 hours, which matched the description from the video where FEDAK claimed to have buried the items.

20.     Staff at DBJ told SA Little they confronted FEDAK on February 9, 2022 about what he was doing in the furthest trailer in the DBJ Corporation lot because he had no work reason for being in there and he was in there for close to an hour when he should have been working. According to DBJ staff, FEDAK said "don't ask." DBJ staff reported the furthermost trailer contained assorted pipe parts that were saved from old jobs and inventory in case they were needed for miscellaneous jobs or tasks. They said the trailer was company property and company property was stored in the trailer and reiterated FEDAK had no reason to be in there.

21.     Appropriate DBJ staff provided consent for me to search the DBJ Corporation Trailers and Dumpsters located on the lot. I searched the dumpster and located a cleaner's receipt within a trash bag with FEDAK's name, but no items were located pertaining to the investigation. SA Little initiated the search of the furthermost trailer, that which FEDAK was seen entering on February 9, 2022 and in which he stayed long enough to prompt confrontation with DBJ staff. SA Little located a shelf containing various pipe objects and a blanket next to another shelf containing bags and kids motorcycle helmets. The inside of the trailer was photographed for documentation. Under the blanket on the shelf there were two short shotgun barrels from Remington 870's, springs and other gun components. There was also a black pelican case. Inside the case there were multiple firearm uppers, barrels and parts to include an upper to a Glock 22, Glock 33, Beretta Cougar, and Sig Sauer P-229. The



slide of the Glock 33 contained serial number NGH206, which matched a stolen serial number from California. The short barrel shotgun barrels matched the style received and signed for by FEDAK in North Carolina, but neither contained serial numbers. There were also two apparent Remington 870 trigger control groups, which would have been taken out of a shotgun lower receiver. The Glock 22 serial number GSN732 on the slide matched yet another stolen gun from California. No other slides were serialized, but one barrel was for a .45 and another barrel was 10mm. These barrel calibers matched the weapons FEDAK claimed in the recorded conversation with C. FEDAK to have buried the serialized parts of in the woods.

22.    As noted above in paragraph 6, FEDAK signed for seven complete functional shotguns, four of which contained "short barrels" and three with long barrels. FEDAK also received Sig Sauer P229's, Sig Sauer P239's, and a Beretta Cougar handgun(s) which arrived directly to him at MCASCP. Despite having told Witness #2 in the recording there was nothing still located at DBJ Corporation, FEDAK had in fact hidden weapons parts and slides in pieces at DBJ Corporation.

23.    Since the weapons arrived complete to FEDAK, it is likely FEDAK disassembled them and stored them in separate locations in an attempt to obstruct the investigation. Per FEDAK's own statement on the recording, he buried serialized parts from likely these weapons in the woods unconnected to where the slides, barrels, and trigger control groups were seized. FEDAK likely chose to separate the parts from these weapons to minimize the attribution to his level of involvement in the theft of the government weapons.



24. FEDAK's statement on the recording was further corroborated by him carrying a shovel and pick-axe when he had no work reason for having them, driving the work truck to a location matching that which he described as his burial site for weapons, and the slides, barrels, and trigger control groups his at DBJ corresponding to those parts he told Witness #2 he had thrown in the dumpster there.

25. Your affiant respectfully submits that there is probable cause to believe FEDAK has participated in obstruction of justice by corruptly obstructing and impeding the due administration of justice by secreting, disposing and attempting to dispose of evidence, in violation of 18 U.S.C. § 1503.

## CONCLUSION

26. Based on my knowledge, training and experience, and the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe PATRICK FEDAK committed a violation(s) of Title 18, United States Code, Section 1503.

Peter Salomon
Special Agent
Naval Criminal Investigative Service

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit.

This, 15 th day of February 2022.

KIMBERLY A. SWANK.
UNITED STATES MAGISTRATE JUDGE